IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **JAMES MCKINZIE, JR.** | ) | |
| 980 SE Soo Line Drive | ) | **JURY TRIAL DEMANDED** |
| Polo, MO 64671 | ) | |
| | ) | |
| On Behalf of Himself and | ) | |
| All Others Similarly Situated, | ) | |
| | ) | Case no.: 09-00796-CV-W-FJG |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **WESTLAKE HARDWARE, INC.** | ) | |
| A Delaware Corporation | ) | |
| Registered Agent: | ) | |
| The Corporation Company | ) | |
| 120 South Central Avenue | ) | |
| Clayton, Missouri 63105 | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**
**Collective Action Under the FLSA**

**COMES NOW** the Plaintiff James McKinzie, Jr. on behalf of himself, and all others similarly situated, by and through counsel, and hereby sets forth this representative action for violation of the Fair Labor Standards Act under 29 U.S.C. §216(b) against Defendant Westlake Hardware, Inc. as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff James McKinzie, Jr. brings this action against Defendant Westlake Hardware, Inc. ("Westlake") for unpaid compensation and overtime compensation and related penalties and damages. Defendant's practice and policy is to willfully fail and refuse to properly pay compensation and overtime compensation due Plaintiff and all other

similarly situated employees. Doing so is direct in violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (FLSA).

2. Defendant's practices are in direct violation of the FLSA, and Plaintiff seeks injunctive and declaratory relief; overtime premiums for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

3. Plaintiff James McKinzie, Jr. currently resides at 980 SE Soo Line Drive, Polo, Caldwell County, Missouri. Plaintiff was employed as a Floor Supervisor for the Defendant. Plaintiff worked at Defendant's retail locations in Excelsior Springs, Clay County, Missouri and St. Joseph, Buchanan County, Missouri

4. Defendant Westlake Hardware, Inc. is a Delaware Corporation registered and in good standing in the state of Missouri and does business under the name Westlake Ace Hardware. Defendant conducts business in the state of Missouri.

5. Defendant Westlake employs Floor Supervisors at each of its estimated ninety (90) retail locations.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

7. The United States District Court for the Western District of Missouri, Western Division has personal jurisdiction because Defendant conducts business within this District.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendant has offices, conducts business and can be found in the District of Missouri, and the cause

of action set forth herein has arisen and occurred in substantial part in the District of Missouri. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendant has substantial business contacts within the state of Missouri.

## COUNT I
## FLSA CLAIM

9. Plaintiff James McKinzie, Jr. was employed by the Defendant from on or about May 2007 through on or about August 2007. During his entire employment, Plaintiff worked as a Floor Supervisor at Defendant's Excelsior Springs, Clay County, Missouri and St. Joseph, Buchanan County, Missouri retail locations.

10. The Defendant employs many other Floor Supervisors (or subsequent job title) at its estimated ninety (90) retail locations. All Floor Supervisors are hereby referred to as the putative representative action plaintiffs.

11. Defendant has incorrectly classified Floor Supervisors as exempt salaried employees under the FLSA and fails to pay them overtime for work performed in excess of forty hours in a work week in violation of the FLSA.

12. Defendant requires Floor Supervisors to perform duties that do not fall under the administrative, professional, or executive exemptions, or any other exemptions, to overtime pay as allowed under the FLSA and applicable regulations.

13. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons who were, are, or will be employed by the Defendant as Floor Supervisors within three years from the commencement of this action who have not been compensated for services performed and/or compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

3

14. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to section 16 of the FLSA, 29 U.S.C. §216(b), for all claims asserted by the Plaintiff because the claims of the Plaintiff are similar to the claims of the putative plaintiffs of the representative action.

15. Plaintiff and the putative representative action plaintiffs are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant's common practice, policy, or plan of refusing to pay overtime in violation of the FLSA and/or misclassifying Floor Supervisors as salary exempt.

16. The names and addresses of the putative members of the representative action are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

17. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including each of the putative members of the FLSA representative action. At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

18. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

19. Plaintiff and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA. Plaintiff and the putative members of the FLSA representative action are entitled to be paid overtime compensation for all overtime hours worked.

20. The Defendant failed to compensate Plaintiff and all other similarly situated employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

21. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

22. Plaintiff, on behalf of himself and all similarly situated employees of Defendant, seek damages in the amount of all respective unpaid compensation and overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

23. Plaintiff, on behalf of himself and all similarly situated employees of Defendant, seek recovery of all attorney fees, costs, and expenses, including expert witness fees, incurred in this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed members of the FLSA representative action, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. §216(b);

b. Designation of Plaintiff James McKinzie, Jr. as Representative Plaintiff of the putative members of the FLSA representative action and designation of Donelon, P.C. as class counsel;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, *et seq.*;

d. An injunction against Defendant and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. An award of damages for overtime compensation due for the Plaintiff and the putative members of the class, including liquidated damages, to be paid by Defendant;

f. Costs and expenses of this action incurred herein, including reasonable attorney fees and expert fees;

g. Pre-Judgment and Post-Judgment interest, as provided by law; and

h. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they and all members of the proposed representative action have a right to jury trial.

Respectfully submitted,



*/s/ Brendan J. Donelon*
Brendan J. Donelon, MO #43901
802 Broadway, 7th Floor
Kansas City, Missouri 64105
Tel: (816) 221-7100
Fax: (816) 472-6805
brendan@donelonpc.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ Daniel W. Craig*
Daniel W. Craig, MO #43883
1125 Grand Blvd., Ste. 900
Kansas City, MO 64106
Tel: 816-221-7772
Fax: 816-283-3823
DCraig@DanCraigPC.com