**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| JAMES MCKINZIE, JR., on behalf of himself and all others similarly situated, ) ) ) | | |
| Plaintiff, ) | | |
| v. ) | No. 09-0796-CV-W-FJG | |
| ) | | |
| WESTLAKE HARDWARE, INC., ) | | |
| Defendant. ) | | |

## ORDER

Pending before the Court is plaintiffs' Motion for Conditional Certification of Class Claims under § 216(b) of the FLSA (Doc. No. 16). Plaintiffs request (1) an Order granting conditional class certification regarding plaintiff's claims under § 216(b) of the Fair Labor Standards Act ("FLSA") regarding all employees who performed as Floor Supervisors and/or Floor Managers for the defendant from September 28, 2006 to the present; (2) an Order appointing plaintiff James McKinzie, Jr. As class representative and Donelon, P.C. as class counsel; (3) an Order directing defendant to provide a list of all persons who worked for the defendant as Floor Supervisors or Floor Managers from September 28, 2006 to the present with their last known residential address, home and cellular phone numbers, email addresses, and dates of employment; and (4) approval and authorization for plaintiff to send the Notice of Claims and Right to Opt-In that is attached as Exhibit D to the Memorandum in Support of Plaintiffs' Motion for Conditional Certification of Class under § 216(b) of the FLSA.

I.    BACKGROUND

This is a § 216(b) collective action brought on behalf of current and former Floor

Supervisors (now known as Floor Managers, and collectively referred to herein as "Floor Supervisors") employed by Westlake Hardware, Inc. ("Westlake"). Plaintiffs allege they are entitled to overtime pay under the FLSA, and that Westlake improperly classified them under its companywide policy.

II. FACTS

On September 28, 2009, former Floor Supervisor James McKinzie, Jr. filed a complaint against Defendant Westlake. Plaintiff Mckinzie worked as a Floor Supervisor for Westlake from on or about May 2007 through on or about August 2007, at Westlake's retail locations in Excelsior Springs and St. Joseph, Missouri. At the time of the filing of the pending motion, one current Floor Supervisor, Ronald Hawkins, and one former Floor Supervisor, Darren Garner, had filed Consents to Join. As of the date of this Order, three additional Floor Supervisors had filed Consents to Join.

Plaintiff Hawkins has worked for Westlake as a Floor Supervisor and Floor Manager at its retail location in Columbia, Missouri from approximately February 2003 to the present. Plaintiff Garner worked for Westlake as a Floor Supervisor and Floor Manager at its retail location in Midland, Texas, from on or about May 2008 through on or about August 2009. As of January 1, 2008, Westlake changed the job title of these employees from Floor Supervisor to Floor Manager.

Westlake employs Floor Supervisors at its retail locations in Kansas, Missouri, Nebraska, Iowa, Oklahoma, Texas, and New Mexico. Floor Supervisors report to an Assistant Store Manager and a Store Manager. The Plaintiffs allege in the Complaint that Westlake failed to properly pay overtime compensation under its pay policies on behalf of all Floor Supervisors working for Westlake. The plaintiffs allege that all such employees

2

are affected by the same pay policy. The plaintiffs testified that all Floor Supervisors are not paid overtime by Westlake. Westlake admits that all Floor Supervisors are affected by the same pay policy, that is they are all classified by Defendant as "exempt" and are not paid any overtime compensation, regardless of hours worked. The plaintiffs testified that they regularly work(ed) in excess of forty hours per work week. They testified that other Floor Supervisors also regularly work(ed) more than forty hours per week.

The plaintiffs testified that the following is an accurate description of their job tasks and responsibilities as Floor Supervisors:

    a.    Floor Supervisors spend an estimated 85-100% of their time unloading shipments, stocking shelves, performing inventory, and assisting customers with their needs, such as answering questions about products and where they are located in the store.

    b.    Floor Supervisors spend an estimated 1-5% of their time handling the store's daily deposits, handling change, and unlocking and locking the store.

    c.    Floor Supervisors did not and do not provide any advice to Westlake management on how their business is run.

    d.    Floor Supervisors did not and do not represent the company in any negotiations, purchasing, promoting of its services, or research regarding the business.

    e.    Floor Supervisors did not and do not have the authority to hire any employees.

    f.    Floor Supervisors did not and do not have the authority to fire any

employees.

    g.    Floor Supervisors did not and do not have the authority to set or change employee salaries.

    h.    Floor Supervisors did not and do not interview prospective employees.

    i.    Floor Supervisors did not and do not have the authority to set employee work schedules.

    j.    Floor Supervisors' direct supervisors were and are the Store Manager and Assistant Store Manager, who would be and are on-site and present supervising the Floor Supervisors' activities.

    k.    Floor Supervisors did not and do not make any decisions on determining the type of materials, supplies, machinery, equipment or tools to be used or the merchandise to be bought, stocked and sold at the store.

    l.    Floor Supervisors did not and do not make any decisions regarding the store's financial budget such as planning or controlling the budget.

    m.    Any supervision Floor Supervisors had or have over employees in the store was and is ultimately subject to the authority and supervision of the Store Manager and/or the Assistant Store Manager.

The plaintiffs testified that from their observations, other Floor Supervisors performed essentially the same duties and responsibilities as set forth in the paragraph, above.[1]

---

[1]In response, defendant provides affidavits from other Floor Supervisors/Floor Managers, indicating that Floor Supervisors/Floor Managers report directly to the store manager, that their job is to assist with managing the store, and that they perform

III.     STANDARD

Section 216(b) provides that a FLSA action may be brought by an employee for himself and on behalf of "other employees similarly situated." A collective action under the FLSA differs significantly from a Fed. R. Civ. P. 23 class action in that a similarly situated employee does not become a plaintiff (and is not bound by a subsequent judgment) in a case proceeding under § 216(b) "unless he gives his consent in writing to become such a party" and files a consent in the court where the action is pending. 29 U.S.C. § 216(b). In other words, a party needs to "opt-in" to a collective action under the FLSA, whereas a party would need to "opt-out" of a class action proceeding under Rule 23.

In order to determine whether potential opt-in plaintiffs are "similarly situated" for purposes of § 216(b) analysis, federal district courts have used varying standards. The prevailing method among district courts in this circuit is to analyze this issue using a two-step process. This approach provides for a two-step determination as to whether class certification is proper. First, plaintiff moves for conditional certification at an early stage in the litigation, wherein a class is certified for notice purposes. Then, at the second step, defendants are allowed the opportunity to move for de-certification at the close of

---

numerous managerial tasks, including: reviewing applications, interviewing and making recommendations on candidates for employment, making hiring decisions, preparing the schedule for the store, handling the cash drawers at the opening and closing of the store, investigating and resolving inventory discrepancies, resolving customer complaints, determining when employees should take breaks, training employees, ordering product, counseling and disciplining employees, participating in termination decisions, sending employees home, preparing evaluations on employees, and assigning tasks to employees. Defendant also indicates that Floor Managers do not have regular interaction with Floor Managers at other locations, and do not have personal knowledge of other Floor Manager experiences. The Court believes that these distinctions are not sufficient, at this time, to prevent conditional certification of the class for notice purposes.

discovery. Davis v. NovaStar Mortgage Co., 408 F.Supp.2d 811, 815 (W.D. Mo. 2005)(citing Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 678 (D. Colo. 1997)).

Conditional certification at the notice stage requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." Id. "The burden may be met by detailed allegations supported by affidavits." Greenwald v. Philips Home Furnishing, Inc., 2009 WL 259744 at *4 (E.D. Mo. 2009). See also Schwed v. General Electric Co., 159 F.R.D. 373, 375 (N.D.N.Y. 1995) (providing that plaintiff only needs to provide some factual basis from which the court can determine if similarly situated plaintiffs exist); Heagney v. European American Bank, 122 F.R.D. 125, 127 (E.D.N.Y. 1988) (stating that a plaintiff only needs to describe the potential class within reasonable limits and provide some identifiable factual basis from which the court can determine if similarly situated plaintiffs exist).

## IV. ANALYSIS

Plaintiffs state that, at this stage, they have offered substantial allegations that all of Westlake's Floor Supervisors were affected by the same respective pay policy (in other words, that they were common victims of the same pay policy and practice that denied them overtime pay for hours worked in excess of forty per week). Plaintiffs note that defendant admits that all Floor Supervisors were and are subject to the same policy of classifying Floor Supervisors as exempt from receiving overtime pay. Plaintiffs note the three sworn statements of plaintiff McKinzie and the other opt-in plaintiffs sufficiently demonstrate that Westlake's overtime pay policy applies to all Floor Supervisors, and that the class members perform essentially the same job functions. See Greenwald, 2009 WL 259744 at *5; Schleipfer v. Mitek Corp., 2007 WL 2485007, at *3 (E.D. Mo. 2007) (finding

6

the first-stage conditional certification burden met when plaintiffs establish they were all classified as exempt by the defendant, held similar job duties, worked more than 40 hours, and were not paid overtime).

Defendant argues in response that (1) plaintiff has failed to put forth evidence that allegedly similarly situated individuals desire to opt-in, noting the low number of individuals that have opted-in to-date; (2) plaintiff has no competent evidence of similarity among the putative class, and his anecdotal evidence of a few individual experiences only exemplifies the individualized inquiry inherent in this case, noting in particular defendant's belief the affidavits provided by plaintiff are conclusory; (3) defendant has set forth evidence of dissimilarity, attaching the affidavits of other Floor Supervisors/Floor Managers indicating that they had management duties; and (4) plaintiff is not a suitable representative for the class, as he only worked as a Floor Supervisor for approximately three months in 2007, yet seeks to represent a class of Floor Supervisors and Floor Managers from 2006 to the present, in seven states.

Plaintiff replies that the number of opt-in class members to date does not demonstrate a lack of interest by the rest of the class; instead, as noted by plaintiff, the class has not yet been provided notice of the lawsuit. Plaintiff additionally suggests that the sworn statements of the Floor Managers who have opted-in to-date indicate that they all perform essentially the same job function, and that defendant's written pay policy and job descriptions show the position to be the same.

The Court notes that it has previously held that there is a very minimal burden for plaintiffs to show they were "similarly situated" and the victims of a single decision, policy, or plan. See Robertson v. LTS Management Services LLC, 642 F.Supp.2d 922, 926 (W.D.

Mo. 2008) (citing Davis v. NovaStar Mortg. Inc., 408 F.Supp.2d 811, 816 (W.D. Mo. 2005). As in Robertson and Davis, the plaintiff has provided multiple affidavits, which the Court finds to be sufficiently specific in order to find them similarly situated for notice to be provided to the class. The Court further agrees that, in this case, the individual defenses would be better considered at a later stage. Additionally, plaintiff McKinzie appears to be sufficiently suited to represent the class; if later developments make him unsuitable, the Court can address those at a later date.

Therefore, given defendant's and plaintiff's representations at this point in the case, plaintiff has met its burden to show that conditional certification is proper in that it has demonstrated that there is a group of similarly situated employees who are victims of a single decision, policy and plan respecting denial of proper overtime compensation. Plaintiff's motion for conditional certification of a collective action (Doc. No. 16) is **GRANTED.[2]** The opt-in class will consist of all current and former Floor Supervisors and/or Floor Managers who were employed by defendant from June 11, 2007 to the present.

V. Notice

Plaintiff indicates that the Court should approve the *Notice of Claims and Right to Opt-In*, attached as an exhibit to plaintiff's suggestions in support (Doc. No. 17, Ex. 4). Plaintiff indicates that this notice provides adequate and fair notice to the class of employees regarding the claims at issue and their rights.

Defendant argues that there are problems with plaintiff's proposed notice; however, plaintiff indicates that several of defendant's proposed revisions are just defendant's goal

---

[2]However, nothing in this Order shall be construed so as to deny defendant its right to move to de-certify the class after completion of discovery.

to make the notice as unappealing as possible in order to get a low opt-in rate. After considering the suggested modifications, the Court rules that plaintiff's proposed notice, as modified in Doc. No. 29-4, is **APPROVED**, with the following additions/corrections:

2.   Description of the Lawsuit Section

The Court agrees with the authorities cited by defendant, that plaintiff must disclose that a plaintiff may be responsible for defendant's costs if defendant prevails. See Creten-Miller v. Westlake Hardware, Inc., 2009 WL 2058734, at *4 (D. Kan. July 15, 2009). Therefore, the next to the last sentence of the third paragraph in this section shall be replaced with the statement that "If you do not prevail on your claim, court costs and expenses may possibly be assessed against you."

4.   How to Participate in this Lawsuit Section

The Court finds that the Notice should also advise members of the class of discovery and other obligations, as well as the potential need to be present in Kansas City. See Creten-Miller, 2009 WL 2058734, at *4. The Court agrees that the sentence proposed by Westlake should be added as the last sentence to the second paragraph: "If you choose to join this suit, you may be required to respond to written requests for information and documents, and appear for depositions, hearings or trial in Kansas City."

7.   No Opinions Expressed as to the Merits of the Case Section

The Court agrees with defendant that other reasons may warrant dismissal than those listed by plaintiff. Accordingly, the last sentence of this paragraph should be modified to state, ". . . individual claims may be subject to later dismissal if the Court ultimately finds that the claims lack merit, that they cannot be litigated on a class-wide basis, or for other reasons."

VI. Conclusion

Therefore, for all the foregoing reasons,

(1) Conditional class certification regarding plaintiff's claims under § 216(b) of the Fair Labor Standards Act ("FLSA") regarding all employees who performed as Floor Supervisors and/or Floor Managers for the defendant from June11, 2007 to the present is **GRANTED**;

(2) James McKinzie, Jr. is appointed class representative and Donelon, P.C. as class counsel;

(3) Defendant is **ORDERED** to provide a list of all persons who worked for the defendant as Floor Supervisors and/or Floor Managers from June 11, 2007 to the present with their last known residential address, home and cellular phone numbers, email addresses, and dates of employment; and

(4) The Notice of Claims and Right to Opt-In that is attached as Doc. No. 29-4 to plaintiff's reply suggestions is approved, with the modifications as detailed above.

**IT IS SO ORDERED.**

**/S/FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated: June 11, 2010
Kansas City, Missouri